IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**P&G TABLER STATION,**
**Employer Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-255**        (JCN: 2023003110)

**DAVID HIETT,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner P&G Tabler Station ("P&G") appeals the May 18, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent David Hiett did not file a response and, accordingly, P&G did not file a reply.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which had rejected the claim, and holding the claim compensable for a root tear of the posterior horn medial meniscus of the left knee.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hiett, a "third shift packer" for P&G, sought treatment at Berkeley Medical Center Emergency Department on July 31, 2022. No treatment notes were submitted below, but a work slip resulting from the visit was introduced into evidence and indicated that Mr. Hiett was placed on light duty at work and was instructed to call an orthopedic surgeon.

Subsequently, on August 9, 2022, Safety Manager Glen Cubbage completed an Employers' Report of Occupational Injury. Mr. Cubbage indicated that Mr. Hiett was injured on July 24, 2022, and that Mr. Hiett had reported the injury to his supervisor on the date of injury. Mr. Cubbage noted that Mr. Hiett had been working on the production floor feeding boxes when he turned and felt a pop in his left knee. Mr. Cubbage did not complete several questions on the form, including a question that asked whether the employer was

---

[1] P&G is represented by Aimee M. Stern, Esq. Mr. Hiett is self-represented and did not participate in this appeal.

1

aware of, or suspected a prior injury to this body part, and a question that asked whether the employer had any reason to question the veracity of the injury.

By order dated August 31, 2022, the claim administrator rejected the claim, finding that Mr. Hiett did not sustain an injury in the course of and resulting from his employment. The stated basis of the order was that there was no medical evidence to support an injury. Mr. Hiett then protested the order to the Board. In the ensuing litigation, P&G submitted two undated statements from other employees to attack the credibility of Mr. Hiett's claim.

On September 23, 2022, Mr. Hiett underwent an MRI of his left knee, which revealed a root tear of the posterior horn of the medial meniscus. Subsequently, on September 30, 2022, John P. Mikes, NP, authored correspondence in which he stated that he personally evaluated Mr. Hiett, diagnosed a significant left knee work-related injury, indicated that the injury would require surgery, and opined that recovery for the surgery would take approximately three months.

Mr. Hiett submitted a closing argument before the Board on October 21, 2022. Mr. Hiett stated that he had never had any prior injuries while working. Regarding the instant injury, Mr. Hiett indicated that he twisted and his left knee popped. He stated that he reported the injury to his supervisor but was not offered any paperwork to fill out and was told that everything would be taken care of.

P&G submitted a closing argument on February 17, 2023. P&G stated that one of the employee statements was authored by Jeffrey Davis, who indicated that Mr. Hiett came into the office and stated that he was hurt. According to P&G, Mr. Davis asked Mr. Hiett if he wanted to go to the hospital, and Mr. Hiett declined and stated that he had hurt himself before and that it was from his last job. P&G stated that the other employee statement was authored by Donald Sharff, who indicated that Mr. Hiett had been limping since his first day on the job. P&G argued that these statements demonstrate that Mr. Hiett was injured prior to beginning work for P&G, which was only two weeks before the alleged injury. Lastly, P&G argued that Mr. Mikes failed to explain the basis for his conclusion that Mr. Hiett was injured at work.

By order dated May 18, 2023, the Board reversed the claim administrator's order and held the claim compensable for a root tear of the posterior horn of the medial meniscus of the left knee. The Board noted that the Employers' Report of Occupational Injury indicated that Mr. Hiett injured his knee while feeding boxes on the production floor and did not indicate that P&G had reason to suspect any prior injury to Mr. Hiett's left knee. The Board further noted that the MRI showed a root tear of the posterior horn of the medial meniscus and that Mr. Mikes authored correspondence indicating that the tear was a work-related injury. The Board found that the employee statements submitted by P&G were "almost completely illegible," that neither statement identified the author as a coworker of Mr. Hiett, and neither was signed. The Board noted that, even taking P&G's arguments

regarding the statements as true, they did not establish that Mr. Hiett had problems with his left knee prior to the instant injury or that he had a prior diagnosis of a root tear of the posterior horn of the medial meniscus prior to the injury. In considering the Employers' Report of Injury, the statement from Mr. Mikes, and the MRI findings, the Board concluded that Mr. Hiett had established that he sustained a left knee injury in the course of and resulting from his employment and held the claim compensable. P&G now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, P&G argues that the Board erred in reversing the claim administrator's order and holding the claim compensable. Specifically, P&G argues that the Board erred in relying on Mr. Mikes' statement attributing Mr. Hiett's injury to his employment when Mr. Mikes failed to explain the basis for his conclusion and did not examine Mr. Hiett until nearly two months after the alleged injury. P&G also notes that none of Mr. Mikes' clinical notes were included with his correspondence. Rather, P&G claims that the Board should have relied on the two employee statements submitted, which demonstrate that Mr. Hiett was injured prior to beginning to work for P&G. Lastly, P&G argues that the Board erred in finding that Mr. Cubbage's failure to indicate that P&G had no reason to question the injury on the Employers' Report of Injury form as proof that Mr. Hiett's injury was work-related. P&G notes that Mr. Cubbage failed to complete other portions of the form, meaning that his failure to answer that particular question was meaningless. In sum, P&G argues that Mr. Hiett failed to demonstrate that he sustained an injury in the course of and resulting from his employment and, therefore, the Board was clearly wrong in holding the claim compensable.

We disagree. The Supreme Court of Appeals of West Virginia has set forth that "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in reversing the claim administrator's order and holding the claim compensable for a root tear of the posterior horn of the medial meniscus of the left knee.

For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Here, the Board found that the evidence established that Mr. Hiett sustained a root tear of the posterior horn of the medial meniscus of the left knee in the course of and resulting from his employment. Although P&G argues that the Board erred in relying on the Employers' Report of Injury and Mr. Cubbage's failure to indicate that P&G had reason to contest the injury, the form clearly indicates that Mr. Cubbage had the opportunity to question the injury but failed to do so. Indeed, Mr. Cubbage indicated that Mr. Hiett sustained an injury to his left knee while feeding boxes on the production floor. These are reasonable factors to consider.

Moreover, the Board was not clearly wrong in relying on Mr. Mikes' correspondence. Although P&G claims his letter, without any explanation or contemporaneous treatment notes, is insufficient to establish that the injury was work-related, the Board found that Mr. Mikes' opinion, coupled with the other evidence submitted, was sufficient to establish that Mr. Hiett sustained a compensable injury. Further, although P&G states that its employee statements established that Mr. Hiett's injury predated his employment, the Board found that the statements submitted were illegible, unsigned, and did not sufficiently establish who the persons were in relation to Mr. Hiett.[2] The Board further noted that, even accepting P&G's explanation of the statements as true, the statements were insufficient to establish that Mr. Hiett's root tear of the posterior horn of the medial meniscus of the left knee preexisted the claim. We agree. We find this evidence sufficient to support the Board's order holding the claim compensable and give deference to its findings. *See W. Va. Off. of Ins. Comm'r v. Johns*, No. 21-0811, 2023 WL 3968686, at *3 (W. Va. June 13, 2023) (memorandum decision) ("This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review[.]").

For the foregoing reasons, we affirm the Board's May 18, 2023, order.

---

[2] While copies of the letters that P&G filed in its appendix in this appeal were legible, we note that they are unsigned and are not in the form of a sworn affidavit. Therefore, we do not find that the evidentiary weight the Board gave them was erroneous.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen